**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIN NING HE, | No. 10-72130 |
| Petitioner, | Agency No. A088-322-601 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2014**
San Francisco, California

Before: GRABER, W. FLETCHER, and PAEZ, Circuit Judges.

Xin Ning He petitions for review of the decision of the Board of

Immigration Appeals ("BIA") denying his applications for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Substantial evidence supports the BIA's decision that He did not establish past persecution or a well-founded fear of future persecution on account of his resistance to China's family-planning policies. *See Nai Yuan Jiang v. Holder*, 611 F.3d 1086, 1093 (9th Cir. 2010); *Matter of J-S-*, 24 I. & N. Dec. 520, 542 (A.G. 2008). He presented no evidence of persecution other than his wife's forced sterilization, which does not on its own compel the conclusion that He suffered past persecution. *Ming Xin He v. Holder*, No. 09-73516, 2014 WL 1491882, at *3 (9th Cir. Apr. 17, 2014).

Nor does the record compel the conclusion that He demonstrated a well-founded fear of future persecution when he lived in China for almost ten years after his wife's forced sterilization without experiencing any persecution. *See Rodriguez-Rivera v. U.S. Dep't of Immigration & Naturalization*, 848 F.2d 998, 1006 (9th Cir. 1988) (per curiam) (upholding denial of asylum where petitioner "continued to live undisturbed" in his home country for two months). Moreover, He testified that his wife, who stayed in China after he left, has not suffered any further harm. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (noting "[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident"), *superseded by statute on other grounds as stated in Ramadan v.*

2

*Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam). Because He did not establish his eligibility for asylum, he necessarily did not meet the "heavier burden of proof" required for withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

In his brief, He does not challenge the BIA's decision that he did not show a well-founded fear of future persecution on account of his illegal entry into the United States. He also does not challenge the BIA's decision that he is not eligible for CAT relief. Therefore, He has waived appeal on those issues. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**